# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 12, 2022
Reissued for Public Availability: December 30, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| WILLIAM A. FAITH, | * | No. 20-1188V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Dismissal; Show Cause Order; |
| SECRETARY OF HEALTH | * | Failure to Prosecute |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

William A. Faith, *pro se*, Louisville, KY, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 14, 2020, William A. Faith ("Petitioner") filed a petition through counsel for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on September 12, 2017. Pet. at 1, ECF No. 1.

On September 15, 2020, the chief special master issued a pre-assignment review ("PAR") initial order directing Petitioner to file his medical records by September 25, 2020. ECF No. 5 at 1. Petitioner filed motions for extension of time to file his medical records on September 25, 2020, December 24, 2020, and February 24, 2021. ECF Nos. 6–8. The chief special master granted each of these motions. Orders, docketed Sept. 30, 2020, Jan. 5, 2021, Mar. 10, 2021. On May 7, 2021, Petitioner's counsel filed a motion to withdraw as Petitioner's counsel due to irreconcilable differences. ECF No. 9 at 1. On August 9, 2021, the chief special master issued an order informing Petitioner that he would proceed *pro se* if he did not file a motion for substitution of counsel by September 9, 2021. ECF No. 13. The chief special master granted Petitioner's counsel's motion to withdraw on September 22, 2021, and converted this case to a *pro* se case. ECF No. 14.

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on September 12, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

  This case was assigned to me on September 23, 2021. ECF No. 16. On September 30, 2021, I issued an Initial Order directing Petitioner to file his medical records and a statement of completion by no later than November 29, 2021. ECF No. 20. Petitioner did not file his medical records or otherwise contact Chambers. On June 1, 2022, I ordered Petitioner to file his medical records and statement of completion by July 1, 2022. Scheduling Order at 2, ECF No. 21. I noted that Petitioner had "had 624 days to file his medical records, including 244 days since the issuance of my initial order." *Id.* at 1. I told Petitioner that "[d]ue to the amount of time [he] has had to file his medical records, a failure to" submit his records by the July 1, 2022 deadline "will result in the issuance of an order to show cause why this case should not be dismissed for failure to prosecute." *Id.* Petitioner did not file his medical records or contact Chambers by his July 1, 2022 deadline.

  On August 2, 2022, I issued a Show Cause Order. ECF No. 22. I noted that Petitioner had still not filed his medical records or contacted Chambers and that he had had 687 days to file his medical records, including 307 days since I issued my Initial Order. *Id.* at 1. I ordered Petitioner to show cause why his case should not be dismissed for failure to prosecute by filing his medical records and a statement of completion by August 17, 2022. I stated that "[f]ailure to file his medical records and a statement of completion by . . . August 17, 2022, [would] be interpreted as a failure to prosecute this claim[]" and that "I [would] dismiss this petition." *Id.* at 2. Petitioner missed his August 17, 2022 deadline and has not communicated with Chambers.

  When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

  Petitioner has now had 727 days to file his medical records and a statement of completion, including 347 days since I issued my Initial Order. Petitioner has also had 40 days to respond to my Show Cause Order. Petitioner's continued failure to file his medical records and statement of completion indicate a disinterest in pursuing his claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

  **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
